Argued July 7, reversed July 18, 1916.

# FIRST NAT. BANK *v.* BOARD OF EQUALIZATION.*

(158 Pac. 951.)

**Taxation—Board of Equalization—Duties.**

1. It is the duty of the board of equalization to correct assessments if they be excessively high or unreasonably low, and it has no authority to punish an applicant by refusing to equalize an incorrect assessment merely because such applicant failed to file a statement of its property as required by law.

**Taxation—Board of Equalization—Correction of Assessments.**

2. Under Section 3571, L. O. L., requiring the assessor to deduct from the aggregate amount of capital stock, surplus and undivided profits, the amount of investments in real estate and base his assessment upon the remainder, *held* that the failure of a bank to furnish

---

*Authorities on the question of method of assessing state tax on national banks are reviewed in a note in 45 L. R. A. 758.   REPORTER.

the assessor a verified statement of its property within the time required by Sections 3569 and 3570 is no sufficient reason for the refusal of the board of equalization to equalize such assessment, thus penalizing the bank by a double tax on its real estate.

From Linn: WILLIAM GALLOWAY, Judge.

Department 2.   Statement by MR. JUSTICE BENSON.

This is a proceeding begun by the First National Bank of Albany, before the board of equalization of Linn County, in which it was sought to have the assessment of the bank's capital stock reduced.   The petition having been denied, an appeal was taken to the Circuit Court, where, after a hearing, a decree was entered affirming the action of the board, and plaintiff appeals.                                    REVERSED.

For appellant there was a brief over the names of *Mr. Carlton E. Sox* and *Mr. G. G. Schmitt.*

For respondent there was a brief and an oral argument by *Mr. Gale S. Hill.*

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. Section 3571, L. O. L., provides that in assessing shares of stock in banks, the assessor shall deduct the amount of all investments in real estate from the aggregate amount of such capital stock, surplus fund and undivided profit, and the remainder shall be taken as a basis for the valuation of such shares of stock. Section 3570, L. O. L., provides that:

In order "to aid the assessor in determining the value of such shares of capital stock, the cashier or other accounting officer of every such bank mentioned in Section 3569 is hereby required to furnish a statement to the assessor of the county where the same is located, between the first day of April and the fifteenth

81 Or.—16

day of May, in each year, verified by oath, showing the amount and number of such shares of the capital stock of such bank, the amount of its surplus or reserve funds and the amount of its undivided profits at the hour of 1 o'clock P. M. of the first day of March preceding, the actual and cash value of all real estate owned by it in this state or elsewhere and the location of the same; also the cash value of the securities of the United States owned by it."

The required statement was not furnished by plaintiff within the time required, and on September 12th, the last day before the time when the assessor was required to turn the assessment-roll over to the board of equalization, he assessed the capital stock, using as his source of information a statement published in the "Albany Herald," by the plaintiff, purporting to show the condition of its business at the close of business on the fourth day of March. Plaintiff thereafter filed a verified statement, such as is required by Section 3570, L. O. L., and appeared with a petition before the board of equalization, seeking to have its capital stock assessment corrected in accordance therewith. The assessor found the aggregate amount of capital stock, surplus and undivided profits, as of March 1st, to be $219,363.69. Plaintiff insists that this should be $214,516.48. The assessor also found the value of plaintiff's real estate holdings to be $80,470, when it should be $193,711.49. The assessor therefore placed the final valuation of the capital stock for assessment purposes to be $62,365, when, if plaintiff's figures are correct, it should have been $20,804.99.

It appears to be clearly established by the evidence that the assessor had not succeeded in acquiring correct information as to all of plaintiff's real estate holdings; and the values thereof as fixed by appellant are not disputed. It is true that two or three pieces

of the real estate were on March 1st held in the names of others, but there is no question but that they were actually plaintiff's property and that it was liable for the taxes thereon. It appears from the record that the board of equalization, and also the Circuit Court, refused to correct the assessment because the plaintiff had been derelict in supplying the statement required by the statute.

The function of a board of equalization is to correct assessments whether they be excessively high or unreasonably low. In this work it has judicial duties to perform, but the statute nowhere confers upon it punitive powers. It must be conceded that plaintiff was guilty of a dereliction which is far from commendable, but it is not the province of this proceeding to punish it therefor by double taxation.

The decree of the lower court is reversed, and one will be entered here in accordance with the prayer of the petition.    REVERSED.    DECREE RENDERED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.